**FILED**
OCT 14 2015
[clerk signature]

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ELTON LONE EAGLE, SR.,<br>And ZACHARY BROWN THUNDER,<br><br>Defendants. | 3:15-CR-30050-01-02-RAL<br><br>OPINION AND ORDER DENYING<br>MOTIONS TO SEVER |

  A grand jury issued an amended indictment charging Elton Lone Eagle Sr., and Zachary Brown Thunder (collectively "Defendants") with two counts of assault with a dangerous weapon and two counts of assault resulting in serious bodily injury. All four counts charge Defendants as principals and/or aiders and abettors of the assaults. Counts I and III of the amended indictment allege that Defendants assaulted A.H. while Counts II and IV allege that Defendants assaulted Miles Condon. The amended indictment alleges that the assaults occurred on January 29, 2015, near Dupree, South Dakota.

  Lone Eagle moved to sever his trial from Brown Thunder's, arguing that joinder was improper under Federal Rule of Criminal Procedure 8(b) and, alternatively, that he is entitled to relief from prejudicial joinder under Rule 14(a). Docs. 47, 48. Shortly thereafter, Brown Thunder moved to sever his trial "based upon the arguments and issues set forth in the Co-Defendant's Motion and Memorandum." Doc. 49. The government filed a memorandum

1

resisting Defendants' motions to sever. Doc. 59. For the reasons explained below, Defendants' motions are denied.

## I. Rule 8(b)

Rule 8(b) allows the government to charge two or more defendants in the same indictment if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." United States v. Wadena, 152 F.3d 832, 848 (8th Cir. 1998)). The Supreme Court has expressed "a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Consistent with this preference, the prerequisites of Rule 8(b) "are liberally construed in favor of joinder." United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994). When determining whether joinder is appropriate under Rule 8, this Court looks only to the allegations contained in the indictment. United States v. Condon, No. 3:14-CR-30083-01-02-RAL, 2014 WL 6694782, at *2–5 (D.S.D. Nov. 26, 2014); United States v. Young, No. CR 14-30065-RAL, 2014 WL 4925255, at *2 (D.S.D. Sep. 30, 2014).

Here, all four counts of the amended indictment charge Lone Eagle and Brown Thunder with the assault, and aiding and abetting in the assault, of the same two alleged victims, on the same day, in the same location. These allegations satisfy the "same series of acts or transactions" requirement of Rule 8(b). See Young, 2014 WL 4925255, at *1–2 (concluding that joinder of defendants was proper under Rule 8(b) where defendants, although not charged with aiding and abetting one another, were charged with committing the same or similar crimes against the same victim in the same location in a narrow period of time); United States v. Hawk,

2

No. Cr. 10-30025(02)-RAL, 2010 WL 2219213, at *1–2 (D.S.D. June 2, 2010) (holding that defendants charged in the same count with assaulting the same victim were properly joined); see also United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002) ("Persons . . . jointly indicted on similar evidence from the same or related events should be tried together . . . .").

Brown Thunder has not explained why joinder is improper in this case and Lone Eagle's only argument against joinder under Rule 8(b) is that he will suffer prejudice if tried with Brown Thunder. Lone Eagle's argument is misplaced; although prejudice to a defendant may justify granting a severance under Rule 14(a), it does not render joinder improper under Rule 8(b) when, as here, the indictment satisfies Rule 8(b)'s prerequisites. See United States v. Rittweger, 524 F.3d 171, 178 (2d Cir. 2008) ("The question of whether [defendants] faced prejudice—or were in fact prejudiced—by joinder under Rule 8(b) presents the altogether separate inquiry of whether the trial of these defendants should have been severed under Rule 14."); United States v. Jones, 880 F.2d 55, 61 (8th Cir. 1989) (noting that Rule 8(b) "permits" the type of prejudice that results "when several defendants are jointly charged with a single or related offenses" (quoting Cupo v. United States, 359 F.2d 990, 993 (D.C. Cir. 1966))). Because joinder is proper under Rule 8(b), this Court turns to Defendants' request for severance under Rule 14(a).

## II. Rule 14(a)

Rule 14(a) permits relief from prejudicial joinder as follows:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). The Supreme Court has instructed that "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro,

3

506 U.S. at 540. Rather, a district court is to grant a severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539. A defendant attempting to demonstrate the requisite prejudice under Rule 14(a) "carries a heavy burden." United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir. 2010) (quoting United States v. Swinney, 970 F.2d 494, 500 (8th Cir. 1992)). He may meet this burden by showing that "(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." United States v. Sanchez-Garcia, 685 F.3d 745, 754 (8th Cir. 2012) (quoting United States v. Davis, 534 F.3d 903, 916–17 (8th Cir. 2008)). "Generally, the risk that a joint trial will prejudice one or more of the defendants 'is best cured by careful and thorough jury instructions.'" Davis, 534 F.3d at 917 (quoting United States v. Mickelson, 378 F.3d 810, 817–18 (8th Cir. 2004)).

Lone Eagle argues that severance is warranted under Rule 14(a) because trying him alongside Brown Thunder would violate his rights under the Sixth Amendment of the United States Constitution. According to Lone Eagle, Brown Thunder made several statements that incriminate Lone Eagle when being interviewed by Cheyenne River Sioux Tribe Detective Russell Leaf. Lone Eagle "anticipates" that the government will introduce these statements as evidence against Lone Eagle at trial. Relying on Bruton v. United States, 391 U.S. 123 (1968), Lone Eagle contends that unless Brown Thunder testified and was subject to cross-examination, the admission of these incriminating statements would violate Loan Eagle's right of confrontation under the Sixth Amendment.

The Supreme Court in Bruton held that the admission of a non-testifying codefendant's confession naming the defendant as a participant in the crime at their joint trial violated the

4

defendant's rights under the Confrontation Clause of the Sixth Amendment, even though the jury was instructed to consider the confession only against the codefendant. Id. at 126. The Supreme Court reasoned that although it is often appropriate to assume that a jury will follow a trial judge's limiting instructions, "there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." Id. at 135. The Court concluded that one such context was "where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial." Id. at 135–36.

The Supreme Court clarified the scope of Bruton in Richardson v. Marsh, 481 U.S. 200 (1987) and Gray v. Maryland, 523 U.S. 185 (1998). In Richardson, the Supreme Court held that there is no Confrontation Clause violation when the defendant's name and existence are redacted from his codefendant's confession and limiting instructions are given, even though the confession might incriminate the defendant when linked to other evidence. 481 U.S. at 211. The Supreme Court reasoned that unlike the confession in Bruton, which "expressly implicat[ed]" the defendant, the confession in Richardson was not facially incriminating and therefore did not raise the same "overwhelming probability" that the jury would be unable to follow a limiting instruction. Id. (alteration in original). In Gray, however, the Supreme Court held that "obvious" redactions of a codefendant's statement, like substituting the defendant's name with a blank space or the word "deleted," may violate a defendant's rights under the Confrontation Clause, despite the use of a limiting instruction. Gray, 523 U.S. at 195 ("[W]e believe that, considered as a class, redactions that replace a proper name with an obvious blank,

5

the word 'delete,' a symbol, or similarly notify the jury that a name has been deleted are similar enough to Bruton's unredacted confessions as to warrant the same legal results.").

When determining whether a statement violates Bruton, courts within the Eighth Circuit evaluate "whether the context is one in which the risk is too great that the jury will not or cannot follow the cautionary instruction to consider the statement solely against the declarant.'" United States v. Mueller, 661 F.3d 338, 348–49 (8th Cir. 2011) (quoting Sandstrom, 594 F.3d at 648. According to the government, Brown Thunder told Detective Leaf that he did not commit the alleged assaults, but said that he had overheard Lone Eagle making incriminating statements about having done so. Doc. 59 at 3. The government states that because Brown Thunder denied any involvement in the assaults when speaking with Detective Leaf, "the only basis for the Government to call Detective Leaf to testify about Brown Thunder's statements would be to introduce the statements Brown Thunder made about what he heard Lone Eagle say regarding the alleged assaults." Doc. 59 at 5–6. The government believes that any attempt to offer Brown Thunder's statements in this manner would be subject to a successful hearsay objection, and thus cannot "conceive that the statements by Brown Thunder to Detective Leaf would be admissible against Lone Eagle during the Government's case-in-chief." Doc. 59 at 6. Under these circumstances, this Court declines to grant Lone Eagle's motion for a separate trial at this time. If Brown Thunder does not testify at trial and the government attempts to introduce Brown Thunder's statements concerning Lone Eagle's alleged incriminating admissions, Lone Eagle may renew his motion for a severance.

Brown Thunder's request for a severance under Rule 14(a) is denied because he has not offered any reason why he would suffer unfair prejudice should he be tried with Lone Eagle and this Court can conceive of none.

For the reasons stated above, it is hereby

ORDERED that Lone Eagle's Motion to Sever Defendant for Separate Trials, Doc. 47, is denied. It is further

ORDERED that Brown Thunder's Motion to Sever Defendant, Doc. 49, is denied.


DATED this 14th day of October, 2015.

                                BY THE COURT:

                                ROBERTO A. LANGE
                                UNITED STATES DISTRICT JUDGE